B.J. Thornberry Deputy Treasurer Department of the Treasury 140 State Capitol Denver, CO 80203
Dear Ms. Thornberry:
This legal opinion is written in response to your September 11, 1985 request that this office supplement a previous legal opinion dated May 8, 1985 (the "May 8 opinion"). That earlier opinion concluded that certain deposits of state moneys for which the state treasurer is custodian are entitled to federal deposit insurance coverage as deposits of separate public units.
QUESTION PRESENTED AND CONCLUSION
Whether deposits of state moneys belonging to the Highway Fund and the Public School Income Fund are entitled to separate federal deposit insurance coverage up to $100,000 for each deposit at a federally insured financial institution.
 Yes. It is my opinion that each of these funds is attributable to a distinct public unit. Each is entitled to separate federal insurance coverage up to $100,000, even though the state treasurer is the custodian for both public units as well as other deposits of state moneys at a particular financial institution.
ANALYSIS
The May 8 opinion addressed seven different accounts which the treasurer believes are entitled to federal deposit insurance coverage as separate public units. That opinion concluded that each of the seven was entitled to separate coverage. The opinion advised that the controlling opinions in this matter would be those of the appropriate officials at the Federal Deposit Insurance Corporation (FDIC) and the Federal Savings and Loan Insurance Corporation (FSLIC).
You have stated that you forwarded copies of the May 8 opinion to the FDIC and the FSLIC. Officials at these agencies responded with favorable opinions except with respect to the Highway Fund and the Public School Income Fund. Federal officials stated that the information provided in the May 8 opinion was insufficient for them to determine the status of those two accounts. The May 8 opinion did not discuss these funds in great detail because both were the subject of favorable opinions received previously from FDIC and FSLIC officials. See attached letter of April 17, 1978 to the state treasurer from Jerry L. Langley, senior attorney for the FDIC; and attached letter of April 17, 1978 to the state treasurer from Jerome S. Plapinger, associate general counsel for the FSLIC.
This opinion will discuss in more detail the basis for the conclusion that these two funds are entitled to separate public unit coverage. Reference should be made to the May 8 opinion for a description of the treasurer's practice in placing deposits of state funds, which will not be repeated here.
The applicable provisions of federal law were discussed at length in the May 8 opinion. To summarize, the term "public unit" is defined to include a "principal department" of state government which meets three conditions: (1) its creation is expressly authorized by statute; (2) it has been delegated some governmental functions by statute; and (3) funds have been allocated by statute for its exclusive use and control. Subordinate agencies or boards within a principal department are not considered separate public units. See12 C.F.R. 330.8(c) (1985); 12 C.F.R. 561.5(a) (1985) and appendix to 12 C.F.R. 564 (1985). If the treasurer is official custodian for more than one public unit, he is separately insured to the maximum amount with respect to the aggregate amount of public funds held by him for each public unit at an insured institution.12 C.F.R. 330.8(a)(6) (1985); 12 C.F.R. 564.8(a)(2) (1985).
Highway Fund
The Colorado General Assembly has created a Highway Users Tax Fund dedicated to the construction and maintenance of public highways. Sections 43-4-201 and 204, C.R.S. (1984). Moneys in the Highway Users Tax Fund are derived from earmarked revenues and are apportioned monthly among state, county and municipal accounts. Sections 43-4-203 and 205, C.R.S. (1984).
The State Highway Fund is created by statute to receive the state's portion of the moneys distributed from the Highway Users Tax Fund. Sections 43-4-205(3) and 206, C.R.S. (1984). The State Highway Fund is earmarked by statute to pay expenses related to the construction and maintenance of state highways. Section 43-4-205(1), C.R.S. (1984). It is this latter fund, not the Highway Users Tax Fund, with which this opinion is concerned.
The State Department of Highways is a principal department of state government established by section 24-1-126, C.R.S. (1982). The State Highway Commission is a statutorily-created body within the state Department of Highways. Section 43-1-103(1), C.R.S. (1984). The Highway Commission has express statutory authority to "promulgate and adopt all state highway and division budgets and state highway programs. . . ." Section 43-1-105, C.R.S. (1984). Consequently, the Highway Commission is the arm of the state Department of Highways to which the legislature has delegated the governmental function of expending state funds for highway construction and maintenance. The Highway Commission has exclusive use and control of the State Highway Fund pursuant to its statutory authority to promulgate and adopt all state highway budgets.
It is my opinion that the state Department of Highways is a separate public unit as prescribed by federal law. If the treasurer makes deposits of moneys belonging to the State Highway Fund, such deposits are entitled to insurance coverage separately from deposits of other state moneys at the same institution.
Public School Income Fund
Article IX, section 3 or of the Colorado Constitution creates the Public School Fund, requiring that the principal be preserved inviolate and earmarking the income for the benefit of public schools. Income earned by the Public School Fund is defined by statute as the Public School Income Fund. Section 22-50-102(9), C.R.S. (1973). Moneys in the Public School Income Fund are required by statute to be distributed to the State Public School Fund created by section 22-50-111(1), C.R.S. (1984 Supp.), which is also funded with certain federal grants and legislative appropriations. That fund is ultimately distributed to local school districts pursuant to the requirements of Colorado's Public School Finance Act of 1973. Sections 22-50-111 and 112, C.R.S. (1984 Supp.).
The legislature has delegated to the State Board of Education statutory authority to determine the amounts to be paid annually to each school district from the State Public School Fund pursuant to the Public School Finance Act, including funds from the Public School Income Fund. Section 22-50-112(1), C.R.S. (1984 Supp.). The State Board of Education is a body created by article IX, section 1 of the Colorado Constitution. For organizational purposes the state Board of Education has been placed by statute within the state Department of Education, a principal department of state government. The state Board of Education has been given exclusive use and control of the distribution of state moneys available to the state Department of Education. Section 22-2-106(1)(e), C.R.S. (1973).
The state Department of Education qualifies as a principal department of state government. See section 24-1-115, C.R.S. 1973. The governing arm of that department for budgetary matters is the state Board of Education, which has been given express statutory authority, among other delegated governmental duties, to exercise exclusive use and control of the state Public School Income Fund. Consequently, deposits of that fund should be entitled to federal insurance coverage up to $100,000 separately from other state funds for which the treasurer serves as custodian.
SUMMARY
For the reasons stated above, I conclude that each of these two funds is attributable to a separate public unit and entitled to separate federal deposit insurance coverage. As I have previously advised you, the controlling opinion in this matter will be that of the appropriate officials for the FDIC and FSLIC, to whom this opinion should be submitted for review.
Very truly yours,
 DUANE WOODARD Attorney General
PUBLIC FUNDS INSURANCE TREASURER, STATE
Section 43-4-201, C.R.S. (1984) Section 22-50-102, C.R.S. (1973)
TREASURY, DEPT. OF
The Highway Fund and the Public School Income Fund are entitled to federal deposit insurance coverage separate from other state funds.